UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLESTON ASSOCIATES, LLC; NEW BOCA SYNDICATIONS GROUP, LLC<br><br>Appellants,<br><br>v.<br><br>RA SOUTHEAST LAND COMPANY, LLC,<br><br>Appellee. | Case No. 2:14-cv-01766-MMD<br><br>ORDER |

**I.     SUMMARY**

Before the Court is Appellants Charleston Associates, LLC ("Charleston") and New Boca Syndications Group, LLC's ("New Boca") appeal from the United States Bankruptcy Court for the District of Nevada's ("Bankruptcy Court") September 29, 2014, judgment in favor of RA Southeast Land Company, LLC ("RAS") (ECF No. 1 at 7-8). Based on the reasoning set forth below, the Bankruptcy Court's Judgment is reversed in part and affirmed in part.

**II.    BACKGROUND**

On June 17, 2010, Charleston initiated a voluntary Chapter 11 bankruptcy ("Bankruptcy Proceeding"). (ECF No. 1-3 at 2.) This appeal arises from an adversary proceeding[1] ("Real Property Proceeding") initiated by Charleston against RAS and City

---

[1] The Court takes judicial notice of various opinions from the public record in the adversary proceeding and in the related appeals before this Court. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of the existence of another court's opinion); *see also Freshman v. Atkins*, 269 U.S. 121, 124 *(fn. cont...)*

National Bank ("CNB") during the Bankruptcy Proceeding and in the Bankruptcy Court concerning a piece of real property located in Las Vegas, Nevada.[2] The Bankruptcy Court's ruling in the Real Property Proceeding, which found in favor of Charleston, was then appealed to this Court ("Real Property Appeal"). (ECF No. 12-9 at 1-5, 35-37, 39-41.) On July 25, 2013, this Court reversed the Bankruptcy Court's ruling in favor of Charleston and, on remand, instructed the Bankruptcy Court to award summary judgment in favor of CNB and RAS ("Reversal Order"). (*Id.* at 104-17.) On August 23, 2013, Charleston filed a notice of appeal of this Court's decision in the Real Property Appeal to the Ninth Circuit ("Notice of Appeal"). (ECF No. 12-17 at 407-10.)

On August 26, 2013, the Bankruptcy Court entered judgment pursuant to the Reversal Order ("First Remand Judgment") (ECF No. 12-9 at 118-20) but did so while a motion to stay was pending in this Court.[3] As a result, on November 5, 2013, this Court vacated the First Remand Judgment.[4] Proper judgment pursuant to the Reversal Order was entered in the Real Property Proceeding on December 23, 2013 ("Second Remand Judgment") (ECF No. 12-11 at 165-169), after the motion to stay in this Court had been resolved. However, the Bankruptcy Court granted RAS's September 9th motion for attorney's fees and costs ("Fees Motion") (ECF No. 12-9 at 121-26) in the Real Property Proceeding on December 19, 2013 ("Attorney Fees Order") (ECF No. 12-11 at 163-64), four days before the Second Remand Judgment was entered in favor of RAS and CNB.

///

---

*(…fn. cont.)*
(1925) (a court may take judicial notice of a record in another interrelated proceeding before the same court).

[2]The underlying facts of the Real Property Proceeding are irrelevant for purposes of this appeal, but an overview of them may be found at the Court's final order in *City National Bank & RA Southeast Land Company, LLC v. Charleston Associates, LLC*, 2:11-cv-02104-MMD, ECF No. 14 at 1-6 (July 25, 2013).

[3]Motion for Entry of Order Staying Judgment Pending Appeal, *City National Bank & RA Southeast Land Company, LLC v. Charleston Associates, LLC*, 2:11-cv-02023-MMD, ECF No. 72 (August 15, 2013).

[4]Order, *City National Bank & RA Southeast Land Company, LLC v. Charleston Associates, LLC*, 2:11-cv-02023-MMD, ECF No. 99 (November 5, 2013).

Roughly nine months after the Attorney Fees Order was entered, on September 29, 2014, the Bankruptcy Court entered judgment against New Boca for RAS's attorney's fees ("New Boca Judgment" or "Judgment") (ECF No. 12-17 at 391-93), despite the fact that the Attorney Fees Order made no mention of New Boca and RAS's motion did not specifically request fees from New Boca. In the Judgment, the Bankruptcy Court specifically ordered that final judgment be entered against New Boca and that both Charleston and New Boca pay RAS's attorney fees and costs. On October 8, 2014, Charleston and New Boca filed a notice of appeal, initiating this action. (ECF No. 12 at 8; ECF No. 12-17 at 394-96.) On January 25, 2016, the Ninth Circuit affirmed this Court's holding in the Real Property Appeal. (ECF No. 25 at 5-9.)

On July 20, 2017, First American Title Insurance Company ("First American") filed a Notice of Assignment of Claim for Legal Fees and Costs, which indicated that RAS had transferred all rights to collect attorneys' fees and costs that RAS holds against Charleston and New Boca to First American. (ECF No. 22.)

Both the Attorney Fees Order and the New Boca Judgment are the subjects of this appeal.

### III. STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed *de novo*, "including its interpretation of the Bankruptcy Code," and its factual findings are reviewed for clear error. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005); *In re Salazar,* 430 F.3d 992, 994 (9th Cir. 2005). The bankruptcy court's factual findings are clearly erroneous only if the findings "leave the definite and firm conviction" that the bankruptcy court made a mistake. *In re Rains*, 428 F.3d at 900. "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *In re Brotby*, 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003). In reviewing a bankruptcy court's decision, this Court ignores harmless errors. *In re Mbunda*, 484 B.R. 344, 355 (B.A.P. 9th Cir. 2012). The Court may affirm the bankruptcy court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th

Cir. 2009). Moreover, the Court need not address arguments not raised in the trial court but "may do so to (1) prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change of law during the pendency of the appeal raises a new issue, or (3) when the issue is purely one of law." *In re Lakhany*, 538 B.R. 555, 560 (B.A.P. 9th Cir. 2015).

## IV.    DISCUSSION

This appeal presents three issues: (1) whether the Bankruptcy Court erred in entering the New Boca Judgment given that New Boca was not a proper party to the Real Property Proceeding; (2) whether the Bankruptcy Court erred in issuing the Attorney Fees Order; and (3) whether the fees awarded in the Attorney Fees Order were improper and unreasonable. The Court agrees with Appellants that the Bankruptcy Court erred in entering judgment against New Boca, as it was not a proper party to the Real Property Proceeding. The Court also finds that the Bankruptcy Court inappropriately entered the Attorney Fees Order because it was entered prior to the Second Remand Judgment but finds that this error was harmless. The Court disagrees with Appellants regarding the reasonableness and propriety of the fees and finds that the issue was waived for appeal.

### A.    Lack of Jurisdiction Over New Boca in Real Property Proceeding

Charleston argues in part that the New Boca Judgment is void because New Boca was not a party to the Real Property Proceeding and therefore the Bankruptcy Court could not exercise personal jurisdiction over New Boca. (ECF No. 12 at 16.) RAS responds that because the Confirmation Plan, created on August 8, 2012 (ECF No. 12 at 11), made New Boca liable for the debts of Charleston New Boca was effectively the party in interest to the Real Property Proceeding. (*See* ECF No. 16 at 6, 8-13.) Similarly, in First American's Supplemental Brief, it argues that RAS's post-confirmation claim for attorney fees arose in the Bankruptcy Proceeding when the Confirmation Plan and Confirmation Order, the latter of which was issued on September 28, 2012 (*see* ECF No. 12 at 11), provided that New Boca would be obligated to pay whatever amount

4

Charleston was obligated to pay for attorney fees and costs. (ECF No. 26 at 5-8.) It also points out that the Plan provided that Charleston would be the nominee of New Boca. (ECF No. 26 at 8-11.) However, both RAS and First American's responses miss the point.

The question here is not whether New Boca is liable for RAS's attorney fees and costs—the Plan makes clear that it is—rather the question is whether the Bankruptcy Court had jurisdiction over New Boca in the Real Property Proceeding such that it could enter a judgment against New Boca. First American acknowledges that the Confirmation Plan and Order are what makes New Boca liable for the attorney fees and costs. (*See* ECF No. 26 at 7 (arguing that New Boca is bound by the Confirmation Order and that it was "specifically created for the purpose [of] carrying the provisions of the Plan including all the financial obligations of Charleston to RAS").) Moreover, because the Real Property Proceeding was a dispute about which entity—as between Charleston and CNB/RAS—possessed the declarant's rights, the judgment in that action could not be entered against New Boca. Instead, the Confirmation Plan and Order could be used against New Boca to make it pay for attorney fees and costs attributed to Charleston in the Real Property Proceeding. Thus, judgment in that action would not apply to New Boca as it was not a proper party to the Real Property Proceeding and there was no dispute about whether New Boca held the declarant's rights. Similarly, this Court pointed out in its order awarding attorney fees after resolution of the Ninth Circuit Appeal of the Real Property Proceeding that New Boca was not a party to that action.[5] Therefore, based on the record before this Court, it was inappropriate to enter judgment against them in the Real Property Proceeding.

Therefore, the New Boca Judgment is vacated as to New Boca.

---

[5] Order, *City National Bank & RA Southeast Land Company, LLC v. Charleston Associates, LLC*, 2:11-cv-02023-MMD, ECF No. 134 at 6 (March 28, 2017) ("This case is before the Court by way of RAS and CNB appeal of the Bankruptcy Court's order granting summary judgment in the [Real Property Proceeding]" and "[New Boca] is not a party to this appeal").

## B. Jurisdiction over Appeal of Attorney Fees Order

The Attorney Fees Order was entered on December 19, 2013. Pursuant to Bankruptcy Rule 8002(1), Charleston had 14 days from entry of that order to appeal both the jurisdiction of the Bankruptcy Court to issue the order and the substance of the order, which Charleston did on January 2, 2014, creating an appeal[6] different from the one currently pending before this Court. The Court closed the other appeal on March 15, 2016, but indicated that it would still consider the appeal of the Attorney Fees Order in the instant action.[7] For that reason, the Court is required to reopen the other appeal and consolidate the two actions in order to have jurisdiction over Charleston's appeal of the timing and content of the Attorney Fees Order.[8]

## C. Timing of Attorney Fees Order

Charleston argues that its Notice of Appeal to the Ninth Circuit, entered before the Attorney Fees Order, divested the Bankruptcy Court of jurisdiction to award attorney fees relating to the Real Property Proceeding and Real Property Appeal, and, seemingly alternatively, that the Attorney Fees Order was entered without authority before the Second Remand Judgment was issued in this case. (ECF No. 12 at 23-25.) RAS responds that an appeal of a judgment does not prevent a federal court from considering a motion for attorney's fees, acknowledges that a motion for fees is due within 14 days after entry of judgment under Bankruptcy Rule 7054 and Fed. R. Civ. P. 54, and notes that the Bankruptcy Court was concerned about the timing of entry of the Attorney Fees Order in light of the possible prematurity of its First Remand Judgment. (ECF No. 16 at 14, 16.)

---

[6]Notice of Appeal, *Charleston Associates, LLC v. RA Southeast Land Company, LLC et al.*, Case No. 2:14-cv-00017-MMD, ECF No. 1 at 3 (January 3, 2014).

[7]Order, *Charleston Associates, LLC v. RA Southeast Land Company, LLC et al.*, Case No. 2:14-cv-00017-MMD, ECF No. 44 at 2 (March 15, 2016).

[8]The Fees Motion was not entered against New Boca. Because the Court vacated the New Boca Judgment as to New Boca but not as to Charleston, the Court addresses the remaining issues of this appeal—the timing and content of the Attorney Fees Order—as they relate to Charleston only.

The Court agrees that an appeal of a judgment does not prevent a federal court from considering a motion for attorney's fees.

A motion for an award of attorney fees must be filed within 14 days of entry of judgment.[9] Fed. R. Civ. P. 54(d)(2)(B) ("Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment.") A district court retains the power to award attorneys' fees after a notice of appeal from the decision on the merits has been filed. *Masalosalo v. Stonewall Inc. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). Applying this principle to the context of this appeal pursuant to Bankruptcy Rule 7054, the Bankruptcy Court retained power to award attorney fees once the notice of appeal had been filed so long as the Fees Motion was filed within 14 days of entry of judgment.

Thus, the ultimate issue on appeal is whether RAS's motion and, therefore, the Attorney Fees Order were entered prior to a proper entry of judgment after the Reversal Order was issued. The parties acknowledge that RAS's motion was filed and the Attorney Fees Order was entered before the Second Remand Judgment and therefore before any proper judgment on remand. Thus, RAS's motion was filed prematurely under Fed. R. Civ. P. 54(d)(2)(B). However, in light of the Ninth Circuit's affirmance of this Court's decision in the Real Property Appeal (*see* ECF No. 25 at 6), the Court finds this error to be harmless, as the early entry of the Attorney Fees Order does not ultimately affect the substantial rights of any of the parties.

**D. Reasonableness of Award of Attorney Fees**

Charleston makes four arguments related to the award of attorney fees: (1) there is insufficient evidence to support RAS's contention that its requested rates were consistent with those prevailing in the Las Vegas community for similar services by

---

[9]Charleston contends that when it was the original prevailing party, it could have moved for an award of attorney's fees but did not do so because "the matter was not concluded," and it "would have been premature for Charleston to seeks fees." (ECF No. 17 at 8.) The Court disagrees. Charleston's failure to file a motion within fourteen days of judgment when it was the prevailing party effectively waived its ability to move for attorney fees altogether.

lawyers of reasonably comparable skill, experience and reputation; (2) Charleston provided controverting evidence that indicates at least some of the hourly rates requested by RAS were significantly higher than the prevailing market rates in the Las Vegas community; (3) the Bankruptcy Court was required to provide Charleston an evidentiary hearing on the reasonableness of the attorney fees and rates; and (4) the Bankruptcy Court failed to make sufficient findings of fact and conclusions of law explaining how it applied the "lodestar" method. (ECF No. 12 at 10.) RAS responds that Charleston withdrew its opposition to RAS's fee application, specifically because Charleston indicated that it would not object to the amount of the award. (ECF No. 16 at 16-17.) The Bankruptcy Court noted that Charleston had withdrawn its objection to the amount of the award and went on to find that the fees were "reasonable, especially in light of the nature of the litigation, the quality of the services performed, [and] the fact that there had to be a number of attorneys because of Delaware's local rules." (ECF No. 16 a 17; ECF No. 12-18 at 166-67.) In its reply brief, Charleston does not contest that it withdrew its objection to the amount of the attorney fees, and the record reflects that Charleston did not "object to the amount [of the award]" but objected to the award being issued at that time given its filing of the Notice of Appeal. (*See* ECF No. 12-18 at 162, 166.)

Where a party withdraws an objection, it does not preserve the issue on appeal. *See United States v. Manarites*, 44 F.3d 1407, 1419 n.18 (9th Cir. 1995) ("[W]ithdrawal of an objection is tantamount to waiver of an issue for appeal"); *see also United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right") (internal quotation marks omitted). By withdrawing its objection to the amount of the attorney fees, Charleston effectively waived arguments regarding whether the amount of fees awarded was reasonable and how the Bankruptcy Court reached its findings and conclusions. Moreover, despite the fact that the Attorney Fees Order itself does not give an explanation of how the Bankruptcy Court reached its decision, the

Bankruptcy Court made its findings of fact and conclusions of law on the record during its hearing on December 4, 2013. By failing to object to these findings either at the time of the hearing or by filing a subsequent objection, Charleston waived issues pertaining to how the fees were calculated. While the Court has discretion to still consider these issues, it declines to do so in light of the fact that Charleston initially raised objections to the amount and reasonableness of the requested fees only to then intentionally withdraw these objections. Additionally, this Court has already agreed with the reasonableness of the attorney fees and costs in its order awarding attorney fees in the Ninth Circuit Appeal.[10]

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the appeal.

It is hereby ordered that the Judgment of the Bankruptcy Court (Adversary Case No. 10-1452-LBR, ECF No. 370) is reversed and vacated as to New Boca Syndications Group, LLC, and affirmed as to Charleston Associates, LLC.

It is further ordered that the Bankruptcy Court's order awarding attorney fees to RA Southeast Land Company, LLC, which has been assigned to First American Title Insurance Company,[11] against Charleston Associates, LLC (Adversary Case No. 10-1452-LBR, ECF No. 240) is affirmed.

The Clerk is instructed to reopen 2:14-cv-00017-MMD, consolidate it with the instant action.

---

[10] Order, *City National Bank & RA Southeast Land Company, LLC v. Charleston Associates, LLC*, 2:11-cv-02023-MMD, ECF No. 134 at 4-5 (March 28, 2017) ("the Bankruptcy Court already determined RAS's counsel's rates to be reasonable in imposing fees pre-appeal to the Ninth Circuit" and "[t]he Court agrees with the Bankruptcy Court's determination").

[11] Appellants have not objected to First American's notice of assignment. (ECF No. 22.)

The Clerk is further instructed to enter judgment in accordance with this Order and close this case and the member case (2:14-cv-00017-MMD).

DATED THIS 1st day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE